No. 39332.—Protests 648413–G, etc., of Romanes & Paterson (Boston).

Opinion by TILSON, J. The record showed that certain items consist of wool outerwear similar to that involved in *United States* v. *International Clearing House* (24 C. C. P. A. 117, T. D. 48416). The claim under paragraph 1114 was therefore sustained.

No. 39333.—Protests 836102–G, etc., of F. W. Jaeger et al. (Boston).

Opinion by TILSON, J. The record established that certain items consist of yarns or threads similar to the merchandise involved in *Jaeger-Bigelow Co.* v. *United States* (T. D. 48387). The claim at 40 percent under paragraph 1204 was therefore sustained.

No. 39334.—Protest 712970–G of Alfred Kohlberg, Inc. (New York).

Opinion by TILSON, J. On the record presented the protest was sustained.

BEFORE THE FIRST DIVISION, SEPTEMBER 12, 1938

No. 39335.—Protests 813460–G, etc., of New York Merchandise Co,, Inc. (New York).

Opinion by SULLIVAN, J. The testimony indicated that these articles are used in the bathroom for bathing purposes, chiefly for bathing babies and small children, for the amusement of the children being bathed, and as ornaments in the bathroom. It was found that the evidence does not indicate that they are chiefly used for other purposes than the amusement of children. The protests were therefore overruled. G. A. 8867 (T. D. 40424), affirmed in *United States* v. *Globe Overseas Corporation* (13 Ct. Cust. Appls. 10, T. D. 40849), distinguished.

No. 39336.—Protest 928704–G/87428 of Continental Shipping Co. (Chicago).

Opinion by SULLIVAN, J. It appeared that the merchandise in question is invoiced as "Bullseye Glasses for Optic Pearl Taps" and that they are used for the specific purpose of measuring liquids. The uncontradicted evidence showed that the chief use of this merchandise is not for chemical and scientific purposes. Being of blown and ground glass the claim at 60 percent under paragraph 218 (f) was sustained.